UNITED STATES of America, Plaintiff,

v.

Oladunni ADEYMI, Defendant.

No. CR–1–86–134–1.

United States District Court,
S.D. Ohio, W.D.

Aug. 24, 1987.

Kathleen Brinkman, Asst. U.S. Atty., Cincinnati, Ohio, for U.S.

Stanley A. Hirtle, Cincinnati, Ohio, for Adeyemi.

## ORDER

HERMAN J. WEBER, District Judge.

This matter is before the Court upon defendant's communication to this Court (doc. no. 11), the United States' Memorandum in Opposition (doc. no. 12) and defendant's counsel's Motion to Reduce Sentence and Supplement thereto (doc. nos. 13 and 14).

The Comprehensive Crime Control Act of 1984 compels this Court to consider the overall ramifications of a sentence and inferentially any subsequent reduction thereof. When this defendant entered this country—illegally the last time, since her visa had run—she subjected herself to the penalties any citizen of this country would suffer for criminal behavior, that is, incarceration *in this country*. If, in defendant's case this means being thousands of miles from her children, this is what she considered her "cost of doing business" in the drug trade. As a business woman, she is not unaccustomed to making such determinations.

Contrary to her assertions, there was sufficient evidence available at time of sentencing to believe that the defendant was not an innocent dupe who was "tricked" into participating one time in an unknown transaction. It is reasonable to believe that she was attempting to set up her own network.

This Court has reviewed all of the correspondence it has received from relatives and friends of the defendant. While it deeply and sincerely regrets that the defendant's children must suffer as a consequence of their mother's criminal behavior, this Court also recognizes that they are not the only victims of the continuing importation of illegal drugs into this country by citizens of foreign countries. There are vast numbers of children in this country who similarly suffer as a result of readily accessible drugs.

It is this Court's hope that the defendant's family, since they are obviously aware of the children's plight, may be able to assist the children. It appears that they are financially able to do so. It is also hoped that the U.S. Department of Probation and Parole should be of all assistance possible to assist the defendant in any communications with the British government concerning the legal status of her children and their ability to leave that country. This Court further believes that the Bureau of Prisons is capable of seeing to the medical needs of defendant during her incarceration.

This Court cannot justify reducing this defendant's sentence when she has had just as deleterious an impact on this society through her criminal activities, as has an American citizen whose arguments for release would not be so compelling. This Court believes that the sentence imposed was appropriate. In accordance with the foregoing, the Motion to Reduce Sentence must be DENIED.

IT IS SO ORDERED.